In the Matter of the Tax Bill for Costs Issued by the Clerk of Kansas City Court of Appeals, in the Case of John W. Page, Appellant, v. Ira J. Bettes et al., Respondents.

Kansas City Court of Appeals, December 7, 1885.

1.    Costs of Clerk of Court of Appeals.—The charge for copy of opinion of this court, required by section 3783, Revised Statutes, to

be certified down to the clerk of the circuit court, is not covered by the costs included in the fee of ten dollars, provided for in section 5602, Revised Statutes. It is taxable against the losing party in this court at the rate of ten cents per hundred words, etc.

2. THE CLERK is entitled, as a matter of course, to the fee of one dollar, for issuing the writ, or fee bill, and one dollar for the mandate and certificate.

3. FEE BILL, and not execution, is the proper process for the enforcement of these fees due the clerk.

*Motion denied.*

Statement of case by the court.

In this cause, on the seventh of December, 1885, there was filed in the Kansas City court of appeals the following motion: "Now come the said defendants, Orr and Cockrell, in the above cause, and move the court to quash the execution issued in this cause for the reason that the transcript and docket fees having been paid to the clerk of this court, and the clerk of the court below, there are no other costs taxed in said execution, which are authorized by law. There was also filed and submitted, with said motion, an agreed statement of facts, signed by the clerk of the Kansas City court of appeals, and defendants, Orr and Cockrell, which is as follows:

"In the above cause, from the aforesaid court, the clerk of said court has issued an execution (which is hereto attached), and certain costs on said execution are disputed. For the purpose of settling said dispute, without litigation, the following agreed statement is made: It is agreed that the execution hereto attached may be considered as a fee bill, if desired, by either party hereto, for the purpose of this submission, in order that the question of whether a fee bill, or execution, is proper in this case, may not arise. The docket fee, and the transcript fee, have been paid. The question submitted is, whether F. C. Farr, as clerk of the Kansas City court of appeals, is entitled to any of the other costs charged on the execution; it being admitted,

of course, that the judgment was rendered, and it being admitted that a copy of the opinion of the court, and its judgment, have been duly certified to the court below. It is agreed that the fee charged in the execution for certified copy of the opinion, is for the copy certified to the lower court. Cockrell claims that the clerk of the Kansas City court of appeals, is entitled to fees only under section 5602 of Revised Statutes, 1879, and that the docket fee of ten dollars covers all his costs in a case ; that he is allowed, for certified copies of any papers ordered by parties, for their own benefit, from his office, but is not allowed to tax as costs against the losing party, a fee for making the certified copy for the reporter, as required by section three, page 111, of Acts of 1885, or for the court below, under section 3783 of Revised Statutes, 1879, for the reason that both said duties devolve upon him by law, and there is no provision of law authorizing the taxing up of a fee for either of them against either party litigant. It is agreed that no exception shall be taken by either of the parties to this submission to the fact that said submission is entitled 'John W. Page v. Ira J. Bettes, and Orr and Cockrell,' instead of the real parties in interest in said submission.''

PER CURIAM.—On the agreed statement of facts herein, this court holds :

I.   That the copy of the opinion of this court, required by section 3783, Revised Statutes, to be certified down to the clerk of the circuit court, is not covered by the costs included in the fee of ten dollars, provided for in section 5602, Revised Statutes. It is a service performed by the clerk after the rendition of judgment for costs, in favor of the prevailing party, and could not, therefore, be included in the execution, which belongs to the party recovering the judgment. *Beedle v. Mead*, 81 Mo. 297.

The fee for making and certifying the copy of opinion to the circuit court, is covered by the words,

"for other services," contained in said section 5602. It is taxable against the losing party in this court, at the rate of ten cents per hundred words, etc. This is the rule as applied in the supreme court.

II. The clerk is entitled, as a matter of course, to the fee of one dollar for issuing the writ, or fee bill, and one dollar for the mandate and certificate.

III. Fee bill, and not execution, is the proper process for the enforcement of these fees due the clerk. Motion denied.